UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| VINCENT EDWARD TURNER, | ) | |
| | ) | |
| Petitioner, | ) | 3: 09-cv-00219-RCJ-RAM |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| HOWARD SKOLNIK, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |
| | / | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which petitioner, a state prisoner, is represented by counsel. Pending before the court is respondents' motion to dismiss. (Docket #20.) In their motion, respondents assert that petitioner has pending before the state courts a petition for postconviction relief addressing one of the claims at issue in the present motion to dismiss. They argue that this court should therefore dismiss the petition.

On August 24, 2010, the court ordered petitioner to file and serve a brief status report, explaining the current status of petitioner's petition in state court.

Petitioner filed his status report on August 31, 2009, explaining that his state postconviction petition for writ of habeas corpus remains pending. (Docket #35.) Petitioner filed this state petition on July 2, 2009, some two months after his petition was filed in this court.

Respondents explain in their motion to dismiss that petitioner's pending postconviction petition challenges his judgment of conviction. Specifically, petitioner argues the following:

Turner's petition is not barred by NRS 34.726 or NRS 34.810(2) as Turner can demonstrate good cause and actual prejudice for bringing a second postconviction petition for relief.

Ground One.
Petitioner's conviction for first-degree murder under the theory of vicarious principal liability for aiding and abetting was improper in violation of the Sixth and Fourteenth Amendment to the Nevada and United States Constitution.

Respondents now contend that if the state courts grant petitioner relief on his petition, his application for habeas relief before this court would become moot.

Respondents rely on *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983), in which the Ninth Circuit held

When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts. [Footnote omitted.]

As we explained in Davidson v. Klinger, 411 F.2d 746, 747 (9th Cir.1969), even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question. See e.g., Carden v. Montana, 626 F.2d 82 (9th Cir.), cert. denied, 449 U.S. 1014, 101 S.Ct. 573, 66 L.Ed.2d 473 (1980) (district court's grant before state trial of petition for habeas corpus on speedy trial claim was premature since comity requires exhaustion of state proceedings before collateral relief can be sought); Bryant v. Bailey, 464 F.2d 560 (5th Cir.1972), cert. denied, 409 U.S. 1115, 93 S.Ct. 932, 34 L.Ed.2d 698 (1973) (state remedies held not exhausted where prisoner had unsuccessfully petitioned state courts for free transcript for appeal, and appeal still pending); Daniels v. Nelson, 415 F.2d 323 (9th Cir.), cert. denied, 396 U.S. 994, 90 S.Ct. 494, 24 L.Ed.2d 459 (1969) (no exhaustion where state appeal pending). Thus, Sherwood's claim is premature, and must be dismissed for failure to exhaust state remedies.

Respondents also cite *Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964), in which the Ninth Circuit held that because the petitioner had a post conviction proceeding pending in state court, he had not exhausted his state court remedies and could not obtain a writ of habeas corpus from the federal court.

In opposing respondents' motion to dismiss, petitioner argues that his case is distinguishable from *Sherwood* and *Schnepp* because he filed his state petition *after* he filed the present petition in federal court, in an attempt to exhaust state judicial remedies. This is a distinction without a difference. The facts are that petitioner currently has a postconviction petition before the state court, the resolution

2

of which may moot the entire petition in this court. Accordingly, the court will decline to consider this petition and will grant respondents' motion and dismiss this case.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss is **GRANTED.** (Docket #20.)

**IT IS FURTHER ORDERED** that the clerk shall administratively close this case.

**IT IS FURTHER ORDERED** that petitioner may, within thirty (30) days of the date of resolution of his state court matter, file a motion requesting the court to reopen this case, addressing in particular any statute of limitations issues which may arise.

DATED this 20th day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE