# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

VINCENT TURNER,

    Petitioner,

vs.

HOWARD SKOLNIK, et al.,

    Respondents.

Case No. 3:09-cv-00219-RCJ-RAM

**ORDER**

    Before the court are respondents' motion to dismiss (#84), petitioner's response to motion to dismiss and motion for stay (#87), and respondents reply to response to motion to dismiss and opposition to motion for stay (#90). The parties are in agreement that petitioner has not exhausted his available state-court remedies for all of his grounds, and the court grants the motion to dismiss (#84). The court finds that good cause does not exist for a stay, and the court denies the motion for stay (#87). Petitioner will need to decide what to do with the unexhausted grounds.

    At the moment, there are two operative petitions, both titled "First Amended Petition," at #15 and #81 in the docket. The first amended petition at #81 appears to act more as a supplement to ground 1 of the first amended petition at #15.

    Effectively, the only issue before the court is whether a stay is justified for petitioner to return to state court to exhaust ground 1. Respondents argue that grounds 1, 2, and 5 are not exhausted, and petitioner agrees. Petitioner asks the court to stay this action. Petitioner must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation

1  tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005). Petitioner argues these elements only with
2  respect to ground 1, and he argues nothing with respect to grounds 2 and 5.

3        Ground 1 is a claim that the jury instruction for first-degree murder based upon willfulness,
4  deliberation, and premeditation violated the Due Process Clause of the Fourteenth Amendment.
5  The jury received the instruction approved by Kazalyn v. State, 825 P.2d 578 (Nev. 1992). Around
6  eight years later, the Nevada Supreme Court determined that the Kazalyn instruction blurred the
7  distinction among the three elements of willfulness, deliberation, and premeditation. Byford v.
8  State, 994 P.2d 700, 713-14 (Nev. 2000). Petitioner's direct appeal was pending at the time of the
9  Byford decision. Shortly after deciding Byford, the Nevada Supreme Court held that Byford had no
10 retroactive effect upon convictions that had not yet become final at the time of the Byford decision,
11 because Byford was not a case of constitutional law. Garner v. State, 6 P.3d 1013, 1025 (Nev.
12 2000). Then, in 2008, the Nevada Supreme Court held that Byford was a change in state law, and
13 that the Due Process Clause of the Fourteenth Amendment requires that Byford be applied to
14 convictions that were pending on direct appeal at the time of the Byford decision. Nika v. State, 198
15 P.3d 839, 850 (Nev. 2008).

16       Petitioner argues that good cause exists for the failure to exhaust ground 1 because a
17 decision of the court of appeals, holding that due process requires Byford be applied to anyone
18 whose conviction was not final at the time of the Byford decision, was not issued until after his state
19 post-conviction proceedings had concluded. See Babb v. Lozowsky, 704 F.3d 1246 (9th Cir. 2013),
20 abrogated by Moore v. Helling, 763 F.3d 1011 (9th Cir. 2014). The first amended petition at #15
21 alone proves this argument incorrect, because petitioner filed that petition, containing ground 1, on
22 November 9, 2009, a little more than three years before the Babb decision. The court cannot even
23 state that Nika created the issue in ground 1. The application of Byford to convictions pending on
24 direct appeal at the time of the Byford decision has been an issue in both state courts and federal
25 courts ever since Byford was decided. Garner involved a person in the same situation as petitioner,
26 a person whose conviction was pending on direct appeal at the time of Byford. The Nevada
27 Supreme Court has since withdrawn from the reasoning in Byford, but the point is that the ground
28

was available for petitioner long before he raised it in this court. Petitioner has not demonstrated good cause for the lack of exhaustion of ground 1.[1]

The court will not examine the potential merit of ground 1 nor whether petitioner has been dilatory because the court has determined that the argument for a stay fails due to the lack of good cause.

The first amended petition is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#84) is **GRANTED** in part. Grounds 1, 2, and 5 are unexhausted.

IT IS FURTHER ORDERED that petitioner's motion for stay (#87) is **DENIED**.

///
///
///
///
///
///
///
///

---

[1] Respondents' reply (#90) contains a puzzling argument. Respondents first argue that petitioner has not shown good cause for the failure to exhaust ground 1, and the court agrees for the reason below. Respondents then argue that the Nevada Supreme Court's refusal in 2000 to apply Byford to petitioner was not contrary to, or an unreasonable application of, clearly established federal law. Respondents are asking the court to use the deferential standard of review of 28 U.S.C. § 2254(d)(1), but that standard applies only if in 2000 the Nevada Supreme Court ruled on the merits of the issue in ground 1, which in turn would mean that ground 1 is exhausted. In effect, respondents are arguing that ground 1 is unexhausted and that the court should not stay this action to allow petitioner to exhaust ground 1 because ground 1 is exhausted.
  Ground 1 is unexhausted. The court has reviewed petitioner's opening brief and supplemental brief on direct appeal. See Ex. TT, VV (#24). The court also has reviewed the Nevada Supreme Court's decision on direct appeal. See Ex. XX (#24). Petitioner did not present the facts or the legal theory of ground 1 to the Nevada Supreme Court on direct appeal, and the Nevada Supreme Court did not discuss the issue of ground 1 on its own motion.

1    IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry
2 of this order to file a motion for dismissal without prejudice of the entire petition, for partial
3 dismissal of grounds 1, 2, and 5, or for other appropriate relief.  Within ten (10) days of filing such
4 motion, petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. §
5 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the
6 motion, and that he has authorized that the relief sought therein be requested.  Failure to comply
7 with this order will result in the dismissal of this action.
8    DATED: This 9th day of November, 2015.

_____
ROBERT C. JONES
United States District Judge